May it please the court, Parks Chastain for the appellant, the Cincinnati Insurance Company. I would ask to reserve two minutes of rebuttal time if I may. Your honors, the reason we're here today, we have cited numerous bases of what we believe to be error for the trial court in our brief, but I want to talk today and focus on that basis that we think in and of itself justifies a new trial. By doing that, I don't want to minimize the rest of the arguments, we just don't have time to discuss every single one of them, but the biggest one and the one that permeated every issue that the trial court had was the failure to impose a burden of proof upon the banks in this case. Now the policy is very clear, the policy provides that only certain losses would be covered and the policy says that Cincinnati will insure physical loss, physical loss is defined to mean accidental physical loss or accidental physical damage, the key word there being accidental in both parts of the definition. Once we got to the jury instruction stage and in the charge conference, all the court imposed upon the banks, and this is from the record, the banks bore the burden of proving only by preponderance of evidence the amount of damages they suffered as a result of the fire. So the court did not in any way impose the burden upon them to prove that the fire was accidental. So the first thing we have done to establish this is we've given you Tennessee case law, which obviously controls, and one of the cases we gave you was Hall v. Allstate, and in that case, the Allstate policy defined a covered loss as a direct and accidental loss, it used that word accidental. And what the trial court had done was said, well, wait a minute, both of you bear a burden of proof, insured, you bear a burden to prove that the loss falls under the coverage agreement, i.e. that it's accidental, Allstate, you bear the burden of proving that the loss was arson. So if the banks, the claimant whose claim was denied, are required, in your view, under Tennessee law, to prove that the fire was accidental, then there's nothing left for the Cincinnati to do with regard to the exclusion, because if it was accidental, then it clearly wasn't arson. Well, in terms of Cincinnati's position that it's entitled to recover money, that may be true, but here's the issue. Doesn't that seem a little unfair? No, not at all. Well, first of all, let me just go back to what you just said, which is, not exactly what you said, but here, the Cincinnati is the plaintiff in this case. So ordinarily, a plaintiff bears the burden of proving all of the elements necessary to prove its claim. So the Cincinnati, in order to recover money from the banks, has to prove that this was an arson fire. In order to recover money from them, yes, remember, this was both a complaint for declaratory judgment, however, and a complaint for monetary damage. I completely agree that if Cincinnati wants to recover its money, it has to prove it was arson, but that does not change the fact that Cincinnati, in the original complaint and in the denial letter, put forth the argument that this was not an accidental loss, and therefore, the banks are not entitled to recover under the policy. So what you could have had in this case, had the court properly instructed the jury, is the jury to have found that the banks did not meet their burden of proving it was accidental, Cincinnati did not meet its burden of proving that it was arson, neither side wins. And that is exactly what happened in the Hall v. Allstate case that we talked to you about. Proved it wasn't arson, but the judge also found that they didn't prove it was accidental, so the insured did not win. Now, Cincinnati would not go. One thing, just to help me, I'm a little confused about one point I didn't quite realize before this case. If it's arson, if the evidence is that it was arson, but by someone completely disconnected to the banks, it's just a bad person burning down houses, they don't collect, is that the answer? No, no, no. So if it's an arson that has nothing to do with them, they do collect? Yes. From their standpoint... Why is that called accidental? It is defined under Tennessee law as an unforeseen or fortuitous event viewed from the standpoint of the insured. So the jury was out for about 10 hours, I think, deciding this part of the case. And they struggled. They came back in and asked to see some videos again. They came back in to see what the cause and origin experts had referred to as saddle burns. But the point was, they were struggling to find out was this arson. So they clearly could have found... Arson by the banks. I don't know what was going on in that situation, but they clearly could have found that the banks didn't prove that it was an accidental fire from their standpoint. What they only found was Cincinnati did not prove it was arson by them. I'm still stuck with Judge Batchelder's question. This policy just doesn't make sense. You say, accidental fire, you have the burden of proving it was, quote, accidental, which seems to spare you this obligation of the burden of proof on the exemption. That's the part I'm... That just... We're supposed to make sense out of this language, and that, to me, does not make sense. Which is why I kind of like the idea of saying, if there's a fire, it's presumptively accidental. But... Which solves that point. If you say it's presumptively accidental, then you put the burden where I think it should be. There's a fire. They come, they present a claim, and you say we're not paying it because we've got evidence that you committed it or you asked someone else to do it. And you have the burden of showing that. That makes sense to me. Well, I guess my point would be, I do see your point. I don't agree with it because Tennessee law does not agree with it. This court... As a matter of Tennessee law, a fire is not presumed to be accidental until it is proved to be something else? I mean, I don't understand that to be Tennessee law. There are some cases that talk about a fire being presumed to be accidental. But once we rebut that, which we did, remember, in this case, the court denied the bank's motion for directed verdict on the arson defense. So obviously, the trial court thought that there were disputed issues of material fact upon which the jury could find that the banks were responsible for the fire. If that is true, which we presume it is from what the court said on the record, then the jury also could have found that the banks failed to prove that the loss was accidental. Now we've cited the Hall case. We've cited... There's two other cases. There's a Gilmore case and the Smith case. Both of those were life insurance policies. Now I concede that. But both of those cases talked about the fact that the coverage only applied when there was an accidental event. So the Gilmore case was a state court. The Smith case was a western district. House fires are different from life insurance cases? No, sir, I don't. And the Hall case said they're not either. The Hall case said an arson, suspected arson fire to the truck, which was insured in that case, is not any different than those cases. Hall cited to both Gilmore and Smith, both to a state court and a federal court, saying this is the burden that Tennessee imposes. So the whole idea has always been that Tennessee says you have to prove that you're covered, that this is a covered event, in order to be entitled to coverage. And then only if you prove you're covered do these exclusions apply. I'm still trying to figure out how, if it's the burden of the claimant, whose claim has been denied, to prove that the fire was accidental, that leaves anything for the Cincinnati, then, that there's any shifting of any kind of a burden. If my house burns down and I prove that what happened here, and by the way, this actually did happen in a house not one I was living in, but I proved that the cat made a connection between an electrical outlet and a source of flame, the cat got... Obviously she's a dog lover. She's going to be a dog person. No, I felt bad for the cat, I did, but the cat, there was enough of the cat left to be able to prove what had happened, you know. So if I can prove that, you're saying then the Cincinnati clearly is on the hook here. But if there's not enough left of the cat to show that this was an accident, you're saying then I didn't carry my burden of proof of proving that it's an accident, so what's left for the Cincinnati to show? Let's use your cat example, and let's say... It was not my cat. Okay, all right, I understand. The cat example. The cat. But let's say the cat was not found, or was found even, but in addition to the cat, there's four patterns all through the house, leading out the back door, and there's a tiki torch wick on the back door. I'm going to flip your question around. Do we have to believe, since you said there was the cat involved, that the cat was the explanation? No, we don't. We can challenge the proof. But that's not the point she's making. So with your theory of the case, the plaintiff has a 51% burden of proof to show it was quote accidental, okay? If they win that, the case is over, right? The case is over. They've just shown 51% it was accidental, which is to say not arson. So there's nothing to present on your defense. And if they lose, the case is also over. So it takes you back to this threshold point that we're supposed to give... Different words mean different things, and we're supposed to assume this exemption, or the arson exception, has meaning here. Under your theory of the case, I do not think it does. Well, under your argument, the word accidental has no meaning. Because that is the first step. Not if you say the whole point is that presumptively a house fire is accidental. And what they do have to do is they have to show there was a fire. Which they did. And they have to show that there was a loss. And once they've done that, the burden is on you to show there's an exception of policy. Because if your accidental thing... Explain to me why I'm wrong about this. You're giving them a 51% burden to show it was accidental, which is to say they didn't set it or have something to do with it being set. If they win that, I do not understand how there's anything to do on the arson exception. We just resolve that point, but with them having the burden. And if they lose, as you say would have happened here, they lose the case is over anyway. So you never ever get to an exception that is way more conspicuous than the word accidental. Well, and I don't know how to answer that except to say that that has been Tennessee law. It has always been Tennessee law that you have to prove the word accidental. In all of the cases we have, there are always the insuring agreement that says we cover accidental death, accidental injury, again talking about those two cases. And then there's a whole list of exceptions. The way to think about it is accidental is just a way of telling you there's an exception. But here's the problem in this case. That's the way to link this together and make sense of it. If the jury had found that the loss was accidental from their perspective, I can more understand your point, Judge Sutton. But the jury didn't get to make that call. And more importantly, the judge didn't make that call either. There was no motion for a directed verdict on the accidental issue. He simply didn't instruct him. You're not answering the point I'm making. The instruction you want spares you. I mean, it would be an amazing victory for insurance companies if you win this. Because it will spare them for all time having the burden of proof on these exceptions, and that's astonishing. Well, let's look at the situation where if they just filed a lawsuit and Cincinnati didn't counterclaim. Let's just look at the situation. The cat situation happens. You file a lawsuit, and the first question that the jury is asked is, did they prove that the loss was accidental? Would it be enough for them to prove that the loss was caused by a fire to win that issue? No. It would still have to be proven to be accidental from their standpoint. There was no arson that they participated in or knew about. Correct. So let's say that the jury didn't believe the evidence on the cat, and in fact, this is exactly the instruction we requested. Was this an accidental loss? If the answer is no, then the banks don't win. If the answer is yes, then the banks get to go on and talk about damages. If you have a single case that discusses the debate we're having, acknowledges that your theory of the case means the arson exception is always, the burden of proof is always on the plaintiff, and a court then saying, no worries, that's the way it should be. We have a case that says that you have to prove the accidental loss. Not answering the point I just said. Acknowledging the effect of this argument and saying, nonetheless, we are going to make plaintiffs prove that, quote, it was accidental, which means, essentially, they have to disprove they had anything to do with an arson. And I'm just going to be blown away if there's a single case in the country on that point. I think we do, Your Honor, and I think it's Hall versus Allstate, and we've given that to you. Right, but that case does not acknowledge the point I was just making, which takes away your burden on our arson. That's the case I'm looking for, and I'll take it from any jurisdiction. I think that case does acknowledge that, and we can disagree, but I think the case does, in fact, talk about it not being the insurer's burden to prove the applicability of exception. Can I answer that? I do have one other case, not exactly in context, but it's from this court, and that is the Safeco case versus the city of Whitehouse, Tennessee, 191 Fed 3rd 675. And in that case, there was a coverage provision, and the court, by using the same type of interrogatories that this judge used, imposed the burden on the insurer to prove an exclusion before it allowed the insurer to prove coverage. And this court said that is wrong. Again, it is not an arson case, but it followed through the same type of analysis that I think you just asked me about. So I will save the rest of my comments for later. Thank you. Good morning, Your Honors. May it please the court, I'm Brandon McPorter for Larry and Sue Banks. This is an appeal that follows a $2.2 million verdict in favor of my clients after an eight year trial. What do you think the Hall case says? I'm sorry? What do you think the Hall case says? The Hall case, number one, is an unreported case. The Hall case, number two, doesn't deal with an all-risk policy. It's an auto policy. It doesn't even mention the presumption that all fires are accidental, which is very, very important. So it's hard to analyze the Hall case because it doesn't go into a whole lot of depth. It doesn't mention the Persian Galleries case from this court. It doesn't mention the Union Planners case from, well, I think that came after it. But there is a plethora of case law out of this circuit and out of Tennessee courts that just flies in the face of the Hall case. What about his point? I mean, his fundamental point is, you know, normally, forget how this case worked, normally the plaintiff is the one seeking coverage and this policy does say the threshold is not loss, you know, fire plus loss or, you know, something. It does have the word accidental in the threshold point. And so, you know, normally you would say you have to show it was accidental, not just it was a fire and it burned, you know, it destroyed the building. There's two answers to that. Number one, this is an all-risk policy. And the insertion of the word accidental into the coverage clause doesn't change its character as an all-risk policy. There is a concept of fortuity implied in all all-risk policies, which this circuit has held to be synonymous with accidental. So we're dealing with an all-risk policy, and we know under the version... That just doesn't mean anything to me to say all-risk. All I hear when you say that is the fire can happen for lots of non-accidental reasons. When you... It can happen for accidental reasons. When you... And the word is accidental, so prove it. When you have an all-risk policy, a policy that covers everything unless specifically excluded, the insurer, as a matter of law, does not bear the burden of proving what exactly caused the loss. It just has to show that there was a loss, that there was a policy, and that the loss occurred during the policy period. How does the word accidental come in then? Accidental is nothing more than the concept of fortuity. It doesn't. And the reason we know that is because there's also a presumption that all fires are accidental. Let's substitute the word fortuitous loss. We'll give you just what you want, fortuitous loss. Shouldn't the plaintiff have to show it was fortuitous, which is, i.e., we didn't set it or we didn't ask somebody else to set it? No. Because that, of course, would not be fortuitous. No. Two reasons. Again, all we have to show is that there was a fire. That's stipulated. And then the burden shifts to them to prove that it was an arson fire. Plus, there is the presumption that all fires are accidental, which stands in as evidence. That gets the case to the jury. Do other states follow that? Is that a norm in house insurance law or property insurance law? As far as the presumption? What's that? The presumption is your question? Yes. It is. Yes. There's one case in Tennessee addressing that. That's the Johnson v. Allstate. No. I was asking, is that a presumption that applies in other states? I think so. Yes, Your Honor. I couldn't figure out if that was a stable of insurance law or something unique to Tennessee. Well, I think the reason that you have it, just to get back to some of your questions of Mr. Chastain, the reason you have it is the very nature of fire losses are sometimes it's hard, if not impossible, to prove what caused the fire. A cause and origin investigator that comes out can reach four possible conclusions. Accidental, natural, lightening, incendiary, somebody said it, or four, undetermined. And I can tell you from experience, there are a ton of undetermined fires. And what the court would be doing, if they got their way, is to put the burden on the insured to prove something that oftentimes cannot be proven. They would have to prove what caused the fire, necessarily, in order to prove that it's accidental. They shouldn't sign those policies that have the word accidental in the threshold coverage. But that's the reason for the presumption. The presumption fills that gap. So even in the absence of evidence, the presumption comes in, fills the gap, provides the proof, gets the issue to the jury, and shifts that burden. If you look at the life insurance cases relating to the presumption against suicide, it works exactly the same way. It starts with the Preto case, P-R-I-E-T-O, back in the 50s. And there's a long progeny of cases since then. And what it essentially says is that that presumption serves as evidence, gets the policyholder past its burden, gets the issue to the jury. It can be rebutted. It's not conclusive. But it gets the question to the jury. There are several cases that hit this issue. The first is the Persian Galleries case. That was a case involving a seller of Oriental rugs. Some rugs came up missing. The insurance company wanted an instruction that the insured had to prove that a third party caused the theft. This court said no. The insurer doesn't have to show that. All you have to do is prove that there was a loss, that the loss occurred during the policy period, and that there was an all-risk policy. And that's what we have. Quoting, this court said that such would necessarily improperly shift the burden back to the insured. Clearly, that's not what we have here. There's also the Union Planners Bank case that comes from the Tennessee Court of Appeals in 2002. That's a case involving an airplane that was stolen, showed up in the Caribbean. And when they found it, the seats were missing and the logbooks were missing. And it had this phrase in there, cover all risk of accidental and direct fiscal loss. And so the insurer argued, well, the insured has to prove that it's accidental. And by definition, a theft of seats and logbooks isn't accidental. And the Court of Appeals says, no, that's not what it means. By definition, all-risk policies do cover unexplained losses. That's the whole purpose of them, to broaden coverage from the prior named peril coverages. And they ruled in favor of the insured in that case. There's another reason, just as a matter of public policy. And that is that how is it possible for an insured and the insurance company to bear the same burden on the exact same factual question? How is that handled? And I think that's what you were getting at when you were talking to Mr. Chastain procedurally. Do you know of a case that connects the word accidental to the exemption and makes the point you're now making that if you give the word accidental the content they're asking, then you basically spare them the burden of showing the exemption? Yes. Which case is that? The Kostelik case. It comes from the Eighth Circuit Court of Appeals back in the 90s. It hits this issue dead on. It is on all fours. Was it a C or a K? K. K-O-S-T-O-L-I-C, I think. Okay, great. But that is the only case that I found anywhere in the country that hits this case on all fours. But it does away with it in pretty short order. That case is cited in my brief. There is the Johnson v. Allstate case within Tennessee, I think in the year 2000, maybe 2002, where the Court of Appeals held that the insurance company in what was arguing in that case that there ought to be an instruction that the insured bears the burden of proving that the fire loss was accidental. And what the court did in that case is say, no, that's not right. There is a presumption that all fires are accidental. And on top of that, we've got 100 years of law universally across the country that an insurance company bears the burden of proving arson. So it's not just that it's an all-risk policy. It's not just that there is a presumption. There's established case law going back as far as you can research that says that the insurance company, not the insured, bears the burden of proving arson. I've got a few minutes left, unless your honors have more questions about that issue. I'd like to talk with you about this concept of the constructive total loss. This is an issue that hits home. It comes up quite often. It involves Tennessee's valued policy laws, which essentially say that if there is a total loss, then the insurance company owes policy limits. Tennessee follows what's called the specific identity and character test. And so I call it, does it still look like a house test? If the house is still standing, does it still have its character and identity as a house? And so that's typically the test that is applied to decide whether or not something is a total loss and whether the policyholder gets policy limits. But what happens if after a fire, as in this case, there is massive damage? This house was a ranch house and had a three-story addition to the side. The three-story part was completely gone to the ground, and part of the ranch house was still left standing. After the fire, the codes officer came in and said, this is a danger to society, a danger to the community, and ordered it demolished, condemned it, demolished it. Can I just shift you to a slightly related? How is a driveway a structure? That seems counterintuitive to me. Well, a driveway is a structure just as much as a curb or a sidewalk is a structure. Is the road a structure? Sure, sure. Any ambiguities in the policy have to be construed in favor of the insured. Certainly the insured is trying to insure the things on his property. It's not part of the dwelling. That's the reason you have coverages for other structures. For example, a swimming pool, it could be an outbuilding. It can be driveways. It can be sidewalks. And the Fifth Circuit held that way just a few years ago, held that a driveway is, in fact, another structure. That's not an area of the law that's often litigated, but there are a handful of cases out there. Going back to the constructive total loss question, what happens when the codes officer demolishes it? The insurance company argues that that doesn't constitute a total loss because it doesn't meet the specific identity and character test. But the issue is once it's demolished, once the order goes down to tear it down, it does lose its specific identity and character test. So this house was demolished pursuant to the codes officers? At the time of the trial, this was actually granted on a motion for summary judgment, at that time and at the time of the trial, there was an order down from the codes officer saying that the house had to be demolished and that if the banks didn't tear it down, the city would come in and tear it down and tax the cost back to the banks. That was the evidence. So it had not been torn down yet? Had not, but the order had been entered. And could that have been appealed? Was there some tentativeness of that order? No, no. There was a notice, and I'm not positive. This is a small town. I don't even think there was an administrative hearing involved. There was just an executive order from the city that was sent out. There was no counterproof. There was no deposition of the codes officer was taken. That issue was all but conceded. I think it was. There was no question about the validity of the condemnation order. And so under similar facts, the 11th Circuit, in a case called Algrenon, applied Tennessee law. So you had an Alabama district court that was appealed to the 11th Circuit applying Tennessee law opined that Tennessee Supreme Court would likely adopt what's known as the constructive total loss doctrine. And that's nothing new. The constructive total loss doctrine is all over the country. It just hadn't been addressed in Tennessee. And so that's the only guidance that we have. Would this case come up differently if there were no arson exemption? So, in other words, all you have is just coverage for accidental loss. And so you'd never have a specific arson exemption. No. You'll note it. You'll say presumably it's accidental. True. And then they would have the burden to show it wasn't. That's how this would work? True. Yeah, I think that's right. That and the fact you don't even have to use the presumption to get to the right end. Because it's an all-risk policy, all we have to do is show there's a loss. And that shifts the burden, that alone. Well, you've got to show it's a loss by fire. Sure. You have to show that a loss occurred, a loss by fire, and that it occurred during the policy period. And under the case law, that's all you have to show, period. Thank you. Thank you. Let me kind of hit these points very quickly in my rebuttal time. First of all, the use of an all-risk term is very dangerous. In fact, the trial court, when the agent testified, went on the record and wanted to clarify what an all-risk question was. And he says, all right, you had coverage at the time of the fire. Was this an all-risk policy? The witness responded, and this is page ID 5749, this is a dangerous statement, sir. And he went on to explain why it was a dangerous statement. Because what it does is you have that conception that's created by the term all-risk, but you still have the policy language. And the agent even testified under the questioning that ensued from there that you still had to prove accidental. Let me go to the last question about if there were no arson exception. Would we still be fighting this case? Absolutely. And it goes back to the question of what happens when there is a presumption and there's contrary evidence. If we go to the Catt case again, the presumption in Tennessee, and I don't think it is in all 50 states, but the presumption in Tennessee gets rebutted when evidence comes in that rebuts the presumption. Now, here's the key. When a presumption is rebutted, it disappears. And it should have become at that point a jury question as to whether or not there was an accidental loss. That did not happen, and that is why we're here saying that that in and of itself justifies reversal. Let me talk about the Hall case quickly. The Hall case, he's right, is non-published. It is, however, persuasive authority under our rules, and here's the key, it cites to two published opinions, one from federal court, one from our state supreme court, that say when the word accidental is used, it is the burden of the plaintiff to prove an accidental loss. Those are not fire cases. Those are health insurance or disability cases. But they still require the proof of accidental. The banks could have come in here and simply said we didn't burn it. If we had no other proof, they would have won. But we did have other proof, and when we did have that other proof, that presumption disappeared. We're all on equal footing. But if they had said we didn't burn it, they would not be relying on the presumption. That would be a different case. Well, that's true, but even with the presumption, once we rebutted it, it disappears. And we're back on square one, and they have that initial burden under Tennessee law to tilt the scales in their favor, which we never got the opportunity to argue to the court that they were unable to do. Thank you. Thank you, counsel. The case will be submitted.